## Case No. 13,254.

### SPRAGUE v. PITT et al.

[1 Kan. 610; McCahon, 212.] [1]

Circuit Court, D. Kansas. May Term, 1868.

SALE FOR TAXES—TAX DEED—LIMITATIONS.

1. A tax deed duly executed by a county clerk, in pursuance of a valid sale of land for taxes by the county treasurer, witnessed and acknowledged, is prima facie evidence of title.

---

[1] [Reprinted by permission.]

2. A tax deed so executed. witnessed, and acknowledged, and recorded, is a bar to an action for the recovery of the land, after two years from the time of recording such deed.

[This was an action of ejectment by Galatia Sprague against George L. Pitt and Peter Burr.]

MILLER, Circuit Justice. As conclusions of fact. That on the 25th day of November, 1859, Galatia Sprague, the plaintiff in this suit, located a military land warrant upon the following described tract of land, situate in the county of Johnson and state of Kansas, namely, the northeast quarter of section twelve (12) in township (13) of range twenty-one; and that on the 1st day of October, 1860, said land was duly patented to the plaintiff in this suit, by letters patent duly issued by the president of the United States; and that on the 15th day of September, 1863, Jesse H. Jackson, as county clerk of the county of Johnson, in the state of Kansas, under his hand and the seal of the said county, made a tax deed, thereby conveying said land to one E. A. Abbott, as assignee of said county, in pursuance of a sale thereof made by the treasurer of said county on the 6th day of September, 1860 (at a sale began on the first Tuesday of September, 1860), to said county, for taxes for the year A. D. 1859, and interest and costs thereon. and an assignment of the certificate of purchase to said E. A. Abbott on the 20th day of July, 1863; and that on the 22nd day of May, 1865, said E. A. Abbott conveyed all his right and title to said land to defendant George L. Pitt; and that on the 15th day of September, A. D. 1863, said tax deed was recorded in the office of the register of deeds of said county of Johnson; and that said tax deed was witnessed by two persons, and was acknowledged before a justice of the peace of said county; and that said tract of land is worth more than two thousand dollars.

And as conclusions of law from the above facts. the court decides that said treasurer had power to sell said land for taxes of 1859, on said 6th day of September, 1860; and that said county clerk had power to make said tax deed; and that said tax deed is prima facie evidence of title to said land; and that this action is barred by the statute of Kansas limiting the time in which actions may be commenced for the recovery of lands sold for taxes to two years from the time of recording the tax deed; and that plaintiff is not entitled to recover the possession of said land. It is, therefore, considered that the said defendants go hence without day, and recover of and from the said plaintiff all costs in and about this suit expended, etc.